UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DALLAS STADEN                                                                             CIVIL ACTION

VERSUS

TROY PORET                                                                      NO.: 16-310-BAJ-EWD

## RULING AND ORDER

Dallas Staden, a prisoner in state custody, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The State of Louisiana counters that his petition is untimely under the one-year limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. NO. 104-132, 110 STAT. 1214. The Court agrees and dismisses the petition.

## I. BACKGROUND

This case arises from the robbery of a Baton Rouge, Louisiana convenience store. (Doc. 1 at p. 16). Dallas Staden was convicted of armed robbery following a bench trial. (Doc. 1 at p. 3). He received a 49.5-year sentence. (*Id.*).

### A. Direct Appeal

Staden appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal. (*Id.* at p. 4). That court affirmed. (Doc. 1-8 at p. 1). The Supreme Court of Louisiana denied his writ application on November 16, 2012. (Doc. 1-9 at p. 1). He did not petition the United States Supreme Court for a writ of certiorari. (Doc.

1

1 at p. 4). So his judgment of conviction and sentence became final 90 days later, on February 14, 2013. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that 28 U.S.C. § 2244(d)(1)(A) "takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

B.  **Post-Conviction Review**

Staden applied to the state trial court for post-conviction relief on April 30, 2013. (Doc. 14 at p. 2). That court denied his application and extended his writ-application deadline to March 3, 2014. (*Id.*).

Staden timely applied for a writ with the Louisiana First Circuit Court of Appeal. (Doc. 1 at p. 6). That court denied the application on April 8, 2014 and found that it did not comply with filing requirements; specifically, it did not include (1) a copy of the post-conviction relief application filed with the trial court, (2) the trial court's ruling on the application, (3) the commissioner's recommendation, (4) the State of Louisiana's opposition, (5) the Bill of Information, and (6) pertinent minute entries and transcripts. (Doc. 1-12 at p. 1).

Staden re-filed a writ application with the Louisiana First Circuit Court of Appeal on April 25, 2014. (Docs. 14 at p. 2). That court denied the application on July 14, 2014. (Doc. 1-13 at p. 1).

Staden timely applied for a writ with the Supreme Court of Louisiana on August 19, 2014. (Doc. 1 at pp. 6–7). That court denied the application on July 31, 2015. (Doc. 1 at pp. 6–7).

Finally, Staden filed this § 2254 petition on May 6, 2016. (Doc. 1).

## C. The Dispute

The State contends Staden's petition is untimely. (Doc. 10). Its argument proceeds in three steps. (*Id.*). First, Staden's initial writ application to the Louisiana First Circuit Court of Appeal did not toll the limitation period because it was not "properly filed." (*Id.* at p. 7). Second, because Staden failed to "properly file" the writ application, the limitation period ran against him for 53 days: from March 3, 2014, the deadline to appeal the trial court's ruling denying post-conviction relief, to April 25, 2014, the date Staden "properly filed" a writ application to the Louisiana First Circuit Court of Appeal. (*Id.*). Third, once this un-tolled 53-day period is taken into account, Staden's petition is untimely. (*Id.*).

Staden disagrees. (Doc. 14). He argues that the limitation period was tolled from the date he first applied for post-conviction relief (April 30, 2013) to the date the Supreme Court of Louisiana denied his writ application (July 31, 2015). (*Id.* at p. 3). And he declares, without citation, that his initial writ application to the Louisiana First Circuit Court of Appeal was "properly filed" because he was proceeding *pro se*, and he "complied with as many aspects of [Rule 4-5 of the Uniform Rules of Courts of Appeal] as [is] possible for a *pro se* litigant." (*Id.* at p. 4).[1]

---

[1] Staden has not asked the Court to equitably toll AEDPA's limitation period. *See Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (explaining the "rare and exceptional circumstances" when equitable tolling is warranted).

3

## II. DISCUSSION

AEDPA requires a § 2254 petitioner to apply for a writ of habeas corpus within one year of the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).[2] Section 2244(d)(2) tolls the one-year limitation period during the pendency of certain state court proceedings:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* at 8. The Court looks to Louisiana law to decide if an application meets filing requirements. *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

Louisiana rules require applicants to include certain documents in writ applications to Louisiana Courts of Appeals. *See, e.g.*, Rule 4-5(C), Louisiana Uniform Rules of Courts of Appeals. The Louisiana First Circuit Court of Appeal denied Staden's January 8, 2014 writ application for failure to comply with Rule 4-5(C). (Doc. 1-12 at p. 1).

---

[2] Staden does not argue that the limitation period should be calculated based on any of the circumstances described in 28 U.S.C. § 2244(d)(1)(B)–(D).

4

Compliance with Rule 4-5(C) is a "condition to filing" and not a "condition to obtaining relief." *See Artuz*, 531 U.S. at 10. Accordingly, Staden's January 8, 2014 writ application was not "properly filed" and did not toll the limitation period.[3] *See, e.g., Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (per curiam) (state habeas application was not "properly filed" because it did not comply with the appellate court's form requirements).

No "properly filed" application for post-conviction review was "pending" for the 53-day period from March 3, 2014 to April 25, 2014. *See* 28 U.S.C. § 2244(d)(2). So that 53-day period counts toward AEDPA's one-year limitation period. Having resolved the tolling question, the Court considers the timeliness of Staden's petition.

Staden's conviction became final on February 14, 2013. (Docs. 15 at p. 2). He filed his first state post-conviction application 75 days later, on April 30, 2013. (*Id.*). The state trial court denied his application and granted him until March 3, 2014 to file a writ application. (*Id.*). He did not "properly file" a writ application until April 25, 2014—53 days after March 3, 2014. (*Id.*). Accordingly, by this time, 128 days of the one-year limitation period had elapsed. (*Id.*). Collateral review concluded on July 31, 2015. (*Id.*). Staden filed his § 2254 petition 280 days later, on May 6, 2016. (Doc.

---

[3] Courts in the Middle District of Louisiana have uniformly held that a writ application filed without the documentation required by Rule 4-5 of the Local Uniform Rules of Courts of Appeals is not "properly filed" and thus does not toll the limitation period. *See Leonard v. Cooley*, No. 15-73-SDD-EWD, 2018 WL 1221860, at *5 (M.D. La. Feb. 14, 2018), *report and recommendation adopted*, 2018 WL 1220833, at *1 (M.D. La. Mar. 8, 2018); *Brown v. Cain*, No. 14-104-JWD-EWD, 2017 WL 1251000, at *6 (M.D. La. Mar. 24, 2017); *Clarke v. Rader*, No. 10-308-JJB-CN, 2012 WL 589207, at *6 (M.D. La. 2012), *report and recommendation adopted*, 2012 WL 589213, at *1 (M.D. La. Feb. 22, 2012), *aff'd*, 721 F.3d 339 (5th Cir. 2013); *Howard v. Cain*, No. 10-628-RET-SCR, 2011 WL 3794909, at *4 (M.D. La. Aug. 2, 2011), *report and recommendation adopted*, 2011 WL 3809905, at *1 (M.D. La. Aug. 26, 2011).

1). That was 43 days too late: by that time, 408 days of the one-year limitation period had elapsed. The Court therefore finds that Staden's § 2254 petition is untimely and must be dismissed.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus (Doc. 1)** is **DENIED** and **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 9th day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA