UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DALLAS STADEN                                                                  CIVIL ACTION

VERSUS

TROY PORET                                                    NO. 16-00310-BAJ-EWD

RULING AND ORDER

Now before the Court is Dallas Staden's **Petition For Writ Of Habeas Corpus (Doc. 1)**, which challenges his state court conviction. The Petition is opposed. (Doc. 9).

On May 22, 2023, the Magistrate Judge issued a **Report and Recommendation (Doc. 48, the "R&R")**, finding that Petitioner's cumulative error claim and certain Sixth Amendment arguments are procedurally defaulted, and recommending that Petitioner's remaining claims—consisting of one *Brady* violation claim, one prosecutorial misconduct claim, and two different Sixth Amendment claims—fail on the merits. Further, the R&R recommends denying Petitioner a certificate of appealability. Petitioner objects to the R&R. (Doc. 49).

Upon de novo review, and having carefully considered Petitioner's Petition, the State's opposition, the state court record, Petitioner's objections, and related filings, the Court **APPROVES** the R&R and **ADOPTS** it as the Court's opinion in this matter.

The Court supplements the R&R with respect to Petitioner's claim under the Sixth Amendment which alleges that during the bench trial in state court at which

he represented himself, "discussions were held in closed chambers" between the prosecutor, standby counsel, and judge from which Petitioner "was absolutely excluded." (Doc. 1 at 52). This is a troubling claim which, if true, possibly constituted a violation of Petitioner's Sixth Amendment right to self-representation. *See Frantz v. Hazey*, 533 F.3d 724, 745 (9th Cir. 2008) (remanding to the district court for inquiry into "whether Frantz was accurately informed of the purpose of the [closed-chambers] conference and given the opportunity to appear but declined to do so" and whether that exclusion violated Frantz's "rights to self-representation"); *Lefevre v. Cain*, 586 F.3d 349, 354–357 (5th Cir. 2009) (distinguishing *Frantz* because Lefevre only missed bench conferences while he sat at the defense table, but implicitly approving *Frantz's* holding).

Petitioner's claim, however, suffers from defects which prove insurmountable. First, the substance of this specific claim was never presented to the highest available state court and therefore is likely unexhausted and procedurally defaulted.[1] *See Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). Second, as discussed below, Petitioner's claim fails on the merits.[2]

---

[1] Petitioner's general argument that standby counsel interfered with his case was adequately presented to the First Circuit on direct appeal. (Doc. 35-7 at 92–95). At no point in the direct appeal or post-conviction proceedings did Petitioner ever allege that closed-chambers conferences took place without his knowledge, approval, or participation.

[2] If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, i.e., the conviction of one who is actually innocent. *Rocha v. Thaler*, 626 F.3d 821, 822 (5th Cir. 2010) (citing *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)). Because Petitioner made no attempt to explain his failure to raise this issue at the state level, he must show that a miscarriage of justice would result from failing to consider the merits of his claim. Because

2

The only support for the assertion that closed-chambers conferences occurred without Petitioner's knowledge are references to a small section of the trial transcript—pages 606–612 of the state court record (Doc. 35-4 at 131–137)—which documents part of the cross-examination of eyewitness Thanh Nguyen. (*See* Docs. 1 at 51–52; 45 at 10–13; 49 at 2). The record indeed reflects pauses in the questioning, designated by the reporter's note, "OFF-THE-RECORD-DISCUSSION." (Doc. 35-4 at 131–137). But Petitioner cites nearly the same page range (pp. 608–619) to support his claim that bench conferences occurred while he "was left at the defense table." (Doc. 1 at 51). It is implausible that both closed-chambers discussions *and* bench conferences were occurring during this time. More importantly, it is nearly impossible to imagine that Petitioner could have been unaware—as he claims he was (Doc. 45 at 11)—that the judge, prosecutor, and standby counsel were interrupting Petitioner's own questioning of the witness to retire to chambers for off-the-record discussions. Petitioner has offered no affidavit or other support for his claim save the assertions of counsel and the single citation to the record. Left with nothing else, the Court relies on the record in reaching its conclusion that no violation of Petitioner's Sixth Amendment right occurred, much less a violation that "probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly,

**IT IS ORDERED** that Petitioner's **Petition For Writ Of Habeas Corpus**

---

his claim fails on the merits, no miscarriage of justice would result.

3

(Doc. 1) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be and is hereby **DENIED** because reasonable jurists would not debate the denial of Petitioner's Petition or the correctness of the Court's substantive rulings.

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 17th day of November, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA